**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

IN RE:  GEOEYE, INC.,           :     CONSOLIDATED
SHAREHOLDER LITIGATION    :     Case No. 1:12-cv-00826-CMH-TCB
                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND AGREEMENT OF**
**COMPROMISE, SETTLEMENT AND RELEASE**

This Stipulation and Agreement of Compromise, Settlement, and Release ("Stipulation" or "Settlement") is made and entered into as of the 24th day of April, 2013, by and between the parties (the "Parties") to the action *In re GeoEye, Inc. Shareholder Litigation*, 1:12-cv-00826-CMH-TCB, pending before the United States District Court for the Eastern District of Virginia (the "Court"), by their respective undersigned counsel, subject to the approval of the Court.

WHEREAS, on July 23, 2012, DigitalGlobe, Inc. ("DigitalGlobe") and GeoEye, Inc. ("GeoEye" or the "Company") announced that they had entered into an Agreement and Plan of Merger, dated as of July 22, 2012, by and among 20/20 Acquisition Sub, Inc. and Worldview, LLC ("Merger Subs") and GeoEye (the "Merger Agreement");

WHEREAS, the Merger Agreement contemplates, among other things, that GeoEye stockholders will receive in exchange for their GeoEye shares of common stock (i) 1.137 shares of DigitalGlobe common stock and $4.10 per share in cash, (ii) $20.27 in cash, or (iii) 1.425 shares of DigitalGlobe common stock (the "Merger");

WHEREAS, on July 26, 2012, Dan Behnke, on behalf of himself and all others similarly situated, filed *Behnke v. GeoEye, Inc., et al.*, 1:12-cv-00826-CMH-TCB  (the "Behnke Action"), in this Court alleging, among other things, that GeoEye, James A. Abrahamson, Matt O'Connell,

Joseph M. Ahearn, Michael P.C. Carns, Martin C. Faga, Michael F. Horn, Sr., Lawrence A. Hough, Roberta E. Lenczowski, James M. Simon, Jr., Robert G. Warden, (the "Board," and together with GeoEye, the "GeoEye Defendants") had breached their fiduciary duties in connection with the consideration and approval of the transaction, and that GeoEye, DigitalGlobe and Merger Subs (together with the GeoEye Defendants, "Defendants") had aided and abetted those breaches of fiduciary duty;

WHEREAS, on July 30, 2012, James Crow, on behalf of himself and all others similarly situated, filed *Crow v. James A. Abrahamson, et al.*, 1:12-cv-00842-CMH-TCB (the "Crow Action"), in this Court alleging, among other things, that the GeoEye Defendants had breached their fiduciary duties in connection with the consideration and approval of the transaction, and that GeoEye, DigitalGlobe, and Merger Subs had aided and abetted those breaches of fiduciary duty;

WHEREAS, on July 30, 2012, Max A. Braendli, on behalf of himself and all others similarly situated, filed *Braendli v. Matthew O'Connell, et al.*, 1:12-cv-00841-CMH-TRJ (the "Braendli Action"), in this Court alleging, among other things, that the GeoEye Defendants had breached their fiduciary duties in connection with the consideration and approval of the transaction, and that GeoEye, DigitalGlobe, and Merger Subs had aided and abetted those breaches of fiduciary duty;

WHEREAS, on August 17, 2012, the Defendants filed a Motion to Dismiss the Behnke Action;

WHEREAS, on August 21, 2012, the Defendants filed a Motion to Dismiss the Crow Action;

WHEREAS, on August 29, 2012, plaintiffs in the Crow Action, the Behnke Action, and the Braendli Action (collectively, "Plaintiffs") filed a Motion for Consolidation;

WHEREAS, on September 7, 2012, the Court granted an Order of Consolidation and captioned the Crow Action, the Behnke Action, and the Braendli Action *In re GeoEye, Inc. Shareholder Litigation*, 1:12-cv-00826-CMH-TCB (the "Action") (Plaintiffs in the Action are referred to herein as "Plaintiffs");

WHEREAS, on September 7, 2012, the Court appointed Robbins Geller Rudman & Dowd LLP, Levi & Korsinsky LLP, and Finkelstein Thompson LLP as Members of the Plaintiffs' Executive Committee of Lead Counsel (the "Lead Counsel" or "Plaintiffs' Counsel");

WHEREAS, on August 30, 2012, DigitalGlobe and GeoEye filed with the United States Securities and Exchange Commission (the "SEC") a preliminary joint proxy statement/prospectus on Form S-4 concerning the Merger (the "Preliminary Joint Proxy Statement/Prospectus");

WHEREAS, on September 24, 2012, Lead Counsel in the Action filed a Corrected Amended Shareholder Class Action Complaint;

WHEREAS, on September 28, 2012, Plaintiffs filed a motion for expedited discovery and served Plaintiffs' First Request for the Production of Documents to Defendants;

WHEREAS, on October 9, 2012, the Parties reached an agreement in principle to settle the Action and, through their respective counsel, executed a Memorandum of Understanding (the "MOU") memorializing the in-principle settlement on terms and conditions substantially similar to those set forth below;

WHEREAS, on October 9, 2012, Plaintiffs' counsel informed the Court that the Parties had entered into the MOU to document the agreement in principle to settle the Action;

WHEREAS, on October 30, 3012, DigitalGlobe and GeoEye filed with the SEC and mailed to stockholders Amendment No. 1 to the Form S-4 Registration Statement (the "Definitive Joint Proxy Statement/Prospectus"), which included certain supplemental disclosures as set forth in the MOU and fixed the close of business on October 29, 2012 as the record date for determination of stockholders entitled to notice of, and to vote at, the GeoEye special meeting set for December 3, 2012 for purposes of seeking stockholder approval of the Merger;

WHEREAS, on December 3, 2012, GeoEye stockholders voted to approve the Merger;

WHEREAS, on January 31, 2013, the Merger was consummated;

WHEREAS, Plaintiffs represent that they have at all relevant times owned and continue to own shares of GeoEye common stock, for which proof of ownership has been provided to Defendants' counsel;

WHEREAS, by January 30, 2013, Plaintiffs' counsel in the Action had conducted discovery that included a review of documents that were produced by the GeoEye Defendants and DigitalGlobe between October 27, 2012 and November 16, 2012 and had taken depositions of Joseph Ahearn (an independent GeoEye Board member), Martin Faga (an independent GeoEye Board member), and Timothy Alden of Goldman Sachs & Co.;

WHEREAS, counsel for the parties to the Action have engaged in arm's-length discussions and negotiations concerning a possible settlement of the Action based on Plaintiffs' demand for further disclosure to GeoEye stockholders in connection with the shareholder vote on the Merger;

WHEREAS, after being provided with the confirmatory discovery described above, Plaintiffs' counsel have concluded that the terms contained in this Stipulation are fair, reasonable,

adequate and in the best interests of GeoEye's stockholders and that it is reasonable to pursue a resolution of the Action based upon the terms contained in this Stipulation;

WHEREAS, Defendants, to avoid the costs, disruption and distraction of further litigation, and without admitting the validity of any allegations made in the Action, or any liability with respect thereto, have concluded that it is desirable that the claims against them be settled on the terms reflected in this Stipulation;

WHEREAS, each Defendant has denied, and continues to deny, that he, she or it committed or aided and abetted the commission of any breach of fiduciary duty, or engaged in any of the wrongful acts alleged in the Action, or that any further supplemental disclosure is required under any applicable rule, statute, regulation or law and expressly maintains that he, she or it diligently and scrupulously complied at all times with his, her, or its fiduciary and other legal duties, to the extent such duties exist, and is entering into this Stipulation solely to eliminate the burden, expense, and uncertainties inherent in further litigation; and

WHEREAS, Plaintiffs' counsel believe that their claims have merit based on proceedings to date, but having concluded that the proposed Settlement is fair and adequate and recognizing the risk of further litigation, believe that it is reasonable to pursue the settlement of the Action based upon the procedures outlined herein and the benefits provided to the proposed Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** subject to the approval of the Court and pursuant to Rule 23, for the good and valuable consideration set forth herein and conferred on Plaintiffs and the Class (as defined below), as follows:

## SETTLEMENT CONSIDERATION

1.     In consideration for the settlement and dismissal with prejudice of the Action, and the releases provided herein, GeoEye included in an amendment to the Definitive

Joint Proxy Statement/Prospectus that was filed with the SEC and mailed to GeoEye stockholders on October 30, 2012, the Supplemental Disclosures recommended by Plaintiffs' Counsel in connection with their prosecution of the Action.  Exhibit A hereto contains the Supplemental Disclosures.  Plaintiffs' Counsel reviewed and commented on the Supplemental Disclosures before they were filed with the SEC.

2.     Without admitting any wrongdoing, Defendants acknowledge that the filing and prosecution of the Action and discussions with Plaintiffs' Counsel were a significant cause of their decision to make the Supplemental Disclosures reflected in Exhibit A.

3.     Defendants have denied and continue to deny committing, threatening, attempting to commit, or aiding and abetting, any violation of law or breach of any duty to Plaintiffs, GeoEye, GeoEye's stockholders, or any other person or entity. Defendants are entering into this Settlement solely because it will eliminate the uncertainty, distraction, burden and expense of further litigation.

4.     Plaintiffs' Counsel believes that Plaintiffs' claims have merit based on proceedings to date, but recognize that Defendants would continue to assert legal and factual defenses to such claims;

5.     Plaintiffs acknowledge that they reviewed the Supplemental Disclosures prior to the Merger and deemed them an adequate basis for settling the Action; and

6.     Plaintiffs' Counsel and Plaintiffs have concluded that this Settlement is fair and adequate to the Class (defined below), and that it is reasonable to pursue this Settlement based upon the terms outlined herein.

## **CLASS CERTIFICATION**

7.     The parties agree that, for settlement purposes only, (1) it is appropriate for the Action to be certified as a non-opt-out class action pursuant to Federal Rule of Civil

Procedure 23(b)(1); and (2) on behalf of any and all record holders and beneficial owners of GeoEye common stock, along with their respective successors–in–interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held shares of GeoEye common stock at any time between and including July 22, 2012 and January 31, 2013, excluding Defendants and their immediate family members, any entity controlled by any of the Defendants, and any successors–in–interest thereto (the "Class").

<u>**RELEASE OF CLAIMS**</u>

8.      Effective upon occurrence of Final Approval (as defined below), Plaintiffs, or any member of the Class, whether individual, direct, class, derivative, representative, legal, equitable or any other type or in any other capacity (collectively, the "Releasing Persons") shall be deemed to have, and by operation of the Order and Final Judgment approving this Settlement shall have, completely, fully, finally and forever compromised, settled, released, discharged, extinguished, relinquished, and dismissed with prejudice any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been or could have been, asserted in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal, state, foreign, statutory or common law, including the federal securities laws and any state disclosure law, including Sections 20(a) and 14(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder), by or on behalf of Plaintiffs, or any member of

the Class, whether individual, direct, class, derivative, representative, legal, equitable or any

other type or in any other capacity, against Defendants, or any of their respective families, parent

entities, controlling persons, associates, affiliates or subsidiaries and each and all of their

respective past or present officers, directors, stockholders, principals, representatives, employees,

attorneys, financial or investment advisors, consultants, accountants, investment bankers,

commercial bankers, entities providing fairness opinions, advisors or agents, insurers, heirs,

executors, trustees, general or limited partners or partnerships, limited liability companies,

members, joint ventures, personal or legal representatives, estates, administrators, predecessors,

successors or assigns (the "Released Persons"), whether or not each of the Released Persons  was

named, served with process, or appeared in the Action, which the Releasing Persons ever had,

now have, or may have had by reason of, arising out of, relating to, or in connection with the

acts, events, facts, matters, transactions, occurrences, statements or representations, or any other

matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the

Action, the complaints, the Merger Agreement, the Merger or other transactions contemplated

therein, or disclosures made in connection therewith (including any alleged misstatements or

omissions or the adequacy and completeness of such disclosures) (the "Settled Claims");

provided, however, that the Settled Claims shall not include any properly perfected claims for

appraisal pursuant to Delaware General Corporation Law Section 262, or claims to enforce this

Settlement or the right of the parties to enforce this Stipulation.

        9.     Effective upon occurrence of Final Approval (as defined below),

Defendants and Released Persons shall be deemed to have, and by operation of the Order and

Final Judgment approving this Settlement shall have, completely, fully, finally and forever

released Plaintiffs and their counsel from all claims (including unknown claims) arising out of

the instituting, prosecution, settlement or resolution of the Action; provided, however, that Defendants and Released Persons shall retain the right to enforce in the Court the terms of this Stipulation and to oppose or defend any appraisal proceeding brought by any Class member.

**EFFECT OF RELEASES**

10.     The releases contemplated by this Stipulation shall extend to claims that the Releasing Persons do not know or suspect to exist at the time of the release, which if known, might have affected their decision to enter into the release or whether or how to object to this Settlement.  This Settlement is intended to extinguish all Settled Claims and, consistent with such intention, the Releasing Persons shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal or foreign law or principle of common law, that may have the effect of limiting the releases set forth in paragraphs 8 and 9 above.  The Releasing Persons shall be deemed to relinquish, to the extent applicable, and to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which states that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Persons shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. The Releasing Persons acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the Settled Claims, but that it is their intention to fully, finally, and forever compromise, settle, release, discharge, extinguish and

dismiss any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery of additional or different facts.

## SUBMISSION AND APPLICATION TO THE COURT

11.    As soon as practicable after this Settlement has been executed, the parties shall apply jointly to the Court for entry of an order substantially in the form attached hereto as Exhibit B (the "Scheduling Order"), (i) providing, among other things, that the Action shall proceed, for purposes of this Settlement only, as a class action on behalf of the Class; (ii) approving the notice to the Class substantially in the form attached hereto as Exhibit C (the "Notice"); and (iii) scheduling a final settlement hearing.  If the Court approves this Settlement, the parties shall jointly request entry of the proposed Order and Final Judgment substantially in the form attached hereto as Exhibit D.  Exhibits A, B, C and D are part of this Stipulation.

## NOTICE

12.    The Notice, in substantially the form annexed hereto as Exhibit C, shall be mailed by GeoEye or its successors–in–interest at least sixty (60) days prior to the Settlement Hearing (as defined below) to members of the Class who were record holders at their respective last known addresses set forth in the Company's stock records. Furthermore, GeoEye or its successors–in–interest shall use reasonable efforts to give notice to beneficial owners of GeoEye common stock by (i) providing, at the expense of GeoEye or its successor(s), additional copies of the Notice to any record holder requesting the Notice for the purpose of distribution to any beneficial owners of GeoEye common stock who are entitled to the Notice, or (ii) at the request of such record holder, causing the Notice to be mailed at the expense of GeoEye or its successors–in–interest directly to such beneficial owners at the addresses provided by such

record holder.  GeoEye or its successors–in–interest shall file an affidavit attesting to the mailing of the Notice with the Court at least ten (10) court days prior to the final settlement hearing.

13.     Additionally, Geoeye or its successor(s) in interest shall ensure that the requirements of 28 U.S.C. § 1715 are satisfied, which requires that notice of any settlement of a class action in a federal court be provided to appropriate federal and state officials in a timely manner.  Any risk or loss associated with failure to satisfy the requirements of 28 U.S.C. § 1715 shall be borne exclusively by Defendants with no recourse against Plaintiffs or Plaintiffs' counsel.

14.     GeoEye or its successors–in–interest shall pay for any costs and expenses related to the Notice and the administration of this Settlement.

## ORDER AND FINAL JUDGMENT

15.     If this Settlement (including any modification thereto made with the consent of the Parties as provided for herein) shall be approved by the Court following a hearing (the "Settlement Hearing") as fair, reasonable, adequate and in the best interests of the Class, the Parties shall jointly request that the Court enter an Order and Final Judgment substantially in the form attached hereto as Exhibit D.  The Order and Final Judgment shall, among other things:

1.     certify the Action as a mandatory, non-opt-out class action pursuant to Federal Rule of Civil Procedure 23;

2.     determine that the requirements of the Federal Rules of Civil Procedure and due process have been satisfied in connection with the Notice;

3.     certify Robbins Geller Rudman & Dowd LLP, Levi & Korsinsky LLP, and Finkelstein Thompson LLP as Class Counsel;

4.      approve this Settlement as fair, reasonable, adequate, and in the best interests of the Class;

5.      dismiss the Action with prejudice on the merits, as against any and all Defendants, without costs except as herein provided, and release Defendants and all other Released Persons from the Settled Claims; and

6.      determine any award of attorneys' fees and expenses incurred by Plaintiffs' counsel as provided in paragraph 18 herein.

## <u>CONDITIONS OF SETTLEMENT</u>

16.     This Settlement is expressly conditioned on and subject to final certification of the Class and Final Approval (defined in Paragraph 17 below).  If the Class is not finally certified or if Final Approval is not granted by the Court, this Stipulation, except for paragraph 13 herein, shall be null and void.  Additionally, Defendants may, but are not obligated to, render this Stipulation, except for paragraph 13 herein, null and void in the event that any claim relating to the subject matter of the Action or the Merger is commenced or prosecuted against any of the Released Persons and (subject to a motion by such Released Persons) such claim is not dismissed with prejudice or stayed in contemplation of the dismissal of the Action.

17.     In the event that this Settlement is rendered null and void for any reason, the existence of this Settlement or the provisions contained in the MOU or in this Stipulation shall not be deemed to prejudice in any way the respective positions of Plaintiffs or Defendants in the Action, including the right of Defendants to oppose class certification in any future proceedings; shall not be deemed a presumption, a concession or an admission by Plaintiffs or any of the Defendants of any fault, liability or wrongdoing, or lack of merit as to any facts or claims, alleged or asserted in the Action, or in any other action or proceeding; and shall not be

interpreted, construed, deemed, invoked, offered or received into evidence or otherwise used or referred to by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, or for any purpose other than as provided expressly herein; except in connection with any proceeding to enforce the terms of the MOU or this Settlement.

## FINAL APPROVAL

18.     The approval of this Settlement by the Court shall be considered final ("Final Approval") upon the latest of (i) the expiration of the time for the filing or noticing of an appeal, writ petition or motion for reargument or rehearing from the Court's Order and Final Judgment approving the material terms of this Settlement without such appeal or motion having been made; (ii) the date of final affirmance of the Court's Order and Final Judgment on any appeal, reargument or rehearing; or (iii) the final dismissal of any appeal or writ proceeding.

## ATTORNEYS' FEES

19.     Defendants acknowledge that, as a result of the disclosures that formed the basis of this Settlement and by virtue of the conditions contained in this Settlement, in which Lead Counsel played a material and substantial role, GeoEye's public stockholders received benefits in the form of additional disclosures.  Following the execution of the MOU and after negotiating the other elements of this Settlement, the parties met and conferred in an effort to reach an agreement concerning a reasonable attorneys' fee award for the benefits conferred. Plaintiffs shall apply to the Court for an award of attorneys' fees and expenses in an amount not to exceed $475,000, to be paid, or caused to be paid, by GeoEye, its insurers or its successors–in–interest or Digital Globe, its insurers or its successors–in–interest (the "Fee Award"). Defendants agree not to oppose Plaintiffs' request for an award of attorneys' fees and expenses up to $475,000, in full settlement of Plaintiffs' claim for attorneys' fees and expenses. Lead

Counsel warrant that no portion of such fees and expenses shall be paid to the named Plaintiffs, or any other member of the Class, except as approved by the Court. The Court may consider and rule on the fairness, reasonableness and adequacy of this Settlement independently of any award of attorneys' fees and expenses. Lead Counsel and Plaintiffs will not seek attorneys' fees and expenses other than as provided for in this paragraph. The payment of attorneys' fees shall be made within fifteen (15) business days after final Court approval of this Settlement.  The Fee Award shall be paid by check or wire transfer to an account designated by Robbins Geller Rudman & Dowd LLP, and such payment shall fully discharge any and all obligations of Defendants with respect to attorneys' fees and expenses of Plaintiffs and the Class. Any order or proceeding relating to the award of attorneys' fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Order and Final Judgment approving this Stipulation and this Settlement as set forth herein.

20.    In the event that the judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to paragraph 18 herein is reversed or modified, or if the settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Defendants, plus interest thereon at an applicable federal funds interest rate, within fifteen (15) business days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.

21.    Except as provided in paragraphs 13 and 18 herein, Defendants shall not be required to bear any other expenses, costs, damages or fees alleged or incurred by Plaintiffs, by any member of the Class, or by any of their attorneys, experts, advisors, agents or representatives.  Defendants shall have no responsibility for, and no liability with respect to, the

allocation of fees or expenses among counsel for Plaintiffs and/or any other person who may assert a claim to the Fee Award.  In the event that this Settlement is rendered null and void for any reason, or is not approved by the Court, Plaintiffs reserve all rights with respect to any potential common benefit attorneys' fee application related to any mooted disclosure claims, and Defendants reserve all applicable rights and defenses with respect thereto.

## BEST EFFORTS

22.     Plaintiffs and Defendants, and their respective attorneys, agree to cooperate fully with one another in seeking Court approval of this Settlement, and to use their best efforts to effect, take or cause to be taken all actions, and to do, or cause to be done, all things reasonably necessary, proper or advisable under applicable laws, regulations and agreements to consummate and make effective, as promptly as practicable, this Settlement (including, but not limited to, using their best efforts to resolve any objections raised to this Settlement) and procure the dismissal of the Action, including any and all complaints filed in the Action, with prejudice and without costs to any party (except as provided for by paragraphs 13 and 18 herein).

23.     Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time not expressly set forth by the Court in order to carry out any provisions of this Settlement pending Final Approval.

## STAY OF PROCEEDINGS

24.     All proceedings in the Action shall be stayed except as provided in this Settlement.

25.     The Parties will request the Court to order (in the Scheduling Order) that, pending final determination of whether this Settlement should be approved, Plaintiffs and all

members of the Class, and any of them are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Settled Claims, either directly, representatively, derivatively or in any other capacity, against Defendants or any of the Released Persons.

26.     If prior to Final Approval of this Settlement, any action is filed in any court asserting a Settled Claim or challenging the Merger, the disclosures in the Merger or this Settlement, the Parties agree to take all necessary action to seek a stay or dismissal of such action pending Final Approval, and to prevent and oppose entry of any interim or final relief in favor of any member of the Class in such action.

## SETTLEMENT NOT AN ADMISSION

27.     The provisions contained in this Stipulation shall not be deemed a presumption, concession or admission by any Defendant of any fault, liability or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Action, or any other action or proceeding, that has been, will be or could be brought, and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, for any purpose other than to enforce the terms of this Settlement, or as provided for expressly herein.  Further, this Stipulation shall not be deemed a presumption, concession or admission as to the lack of any merit of any of the claims asserted in the Action by Plaintiffs.

## ENTIRE AGREEMENT; AMENDMENTS

28.     This Settlement constitutes the entire agreement among the Parties with respect to the subject matter hereof, and may be modified or amended only by a writing, signed by all of the signatories hereto, that refers specifically to this Settlement.

**COUNTERPARTS**

29.     This Settlement may be executed in any number of actual or telecopied counterparts and by each of the different Parties in several counterparts, each of which when so executed and delivered will be an original.  The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached and will constitute one and the same instrument.

**GOVERNING LAW; CONTINUING JURISDICTION**

30.     This Stipulation and the Settlement contemplated herein shall be governed by, and construed in accordance with, the laws of the State of Delaware, without regard to Delaware's principles governing choice of law.  The Parties agree that any dispute arising out of or relating in any way to this Settlement shall not be litigated or otherwise pursued in any forum or venue other than the Court.  Each party hereto (i) consents to personal jurisdiction in any such action (but in no other action) brought in the Court; (ii) consents to service of process by registered mail upon such party and/or such party's agent; (iii) waives any objection to venue in the Court and any claim that the Court is an inconvenient forum; and (iv) waives any right to demand a jury trial as to any such action.  The Parties submit themselves to the exclusive jurisdiction of the Court for the enforcement and interpretation of this Stipulation and its exhibits, and all other matters regarding or relating to them.  Without affecting the finality of this Settlement, the Court shall retain jurisdiction for purposes, among other things, of administering this Settlement and resolving any disputes hereunder.

## CONSTRUCTION

31.     This Settlement shall be construed in all respects as jointly drafted and shall not be construed, in any way, against any Party on the ground that the Party or its counsel drafted this Settlement.

32.     Paragraph titles have been inserted for convenience only and will not be used in determining the terms of this Stipulation.

33.     The terms and provisions of this Stipulation are intended solely for the benefit of the Released Persons, the Class and their respective successors and permitted assigns, and it is not the intention of the Parties to confer rights or remedies upon any other person or entity, except any attorneys' fees and expenses to be paid pursuant to the terms of this Stipulation.

## BINDING EFFECT

34.     This Stipulation, and all rights and powers granted hereby, will bind and inure to the benefit of the Parties hereto and their respective legal representatives, agents, executors, heirs, administrators, transferees, successors, assigns, employees, employers, insurers and reinsurers, and upon any corporation, partnership or other entity into or with which any Party may merge or consolidate.

## AUTHORITY

35.     This Stipulation will be executed by counsel for the parties to the Action, each of whom represent and warrant that they have the authority from their client(s) to enter into this Stipulation and that this Stipulation shall be binding on their client(s) in accordance with its terms.

## NON-ASSIGNMENT OF CLAIMS

36.     Plaintiffs and their respective counsel represent and warrant that Plaintiffs are members of the Class and that, prior to the consummation of the Merger, Plaintiffs were stockholders of the Company.   Plaintiffs and their respective counsel further represent that Plaintiffs are the only holders and owners of the claims and causes of action asserted in the Action, and that none of the claims or causes of action referred to in any complaint, amended complaint or consolidated complaint in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

## NO WAIVER

37.     Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist on the strict performance of any and all of the provisions of this Stipulation to be performed by such other Party.   No waiver, express or implied, by any Party of any breach or default in the performance by the other Party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent or contemporaneous, under this Stipulation.

DATED:  April 24, 2013

/s/ Robert J. Cynkar
Robert J. Cynkar (VSB # 23349)
Daniel M. Cohen (VSB # 79836)
CUNEO GILBERT & LADUCA, LLP
106-A South Columbus Street
Alexandria, VA  22314
Telephone:  (202) 789-3960
Facsimile:  (202) 789-1813
rcynkar@cuneolaw.com
danielc@cuneolaw.com

*Liaison Counsel*

Stuart A. Davidson
Cullin A. O'Brien
ROBBINS GELLER RUDMAN
  & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
sdavidson@rgrdlaw.com
cobrien@rgrdlaw.com

Randall J. Baron
A. Rick Atwood, Jr.
David T. Wissbroecker
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423
ricka@rgrdlaw.com
dwissbroecker@rgrdlaw.com

*Chair of the Plaintiffs' Executive Committee*

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
LAW OFFICE OF CRAIG C. REILLY
111 Oronoco Street
Alexandria, VA  22314
Telephone:  (703) 549-5354
Facsimile:  (703) 549-2604
craig.reilly@ccreillylaw.com

W. Neil Eggleston (VSB #18367)
James P. Gillespie, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone: (202) 879-5190
Facsimile:  (202) 879-5200
james.gillespie@kirkland.com

Matthew Solum (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4688
Facsimile:  (212) 446-4900
mathew.solum@kirkland.com

*Attorneys for Defendants James A. Abrahamson,
Joseph M. Ahearn, Michael P.C. Carns, Martin
C. Faga, Michael F. Horn, Sr., Lawrence A.
Hough, Roberta E. Lenczowski, Matt O'Connell,
James M. Simon, Jr., Robert G. Warden and
GeoEye, Inc.*

/s/ David E. Carney
David E. Carney (VSB # 43914)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005-2111
Telephone:  (202) 371-7000
Facsimile:  (202) 393-5760
David.Carney@skadden.com

| | |
|---|---|
| Robert O. Wilson (VSB # 77791)<br>Eugene J. Benick (VSB # 76495)<br>FINKELSTEIN THOMPSON LLP<br>1077 30th Street, N.W., Suite 150<br>Washington, DC  20007<br>Telephone:  (202) 337-8000<br>Facsimile:  (202) 337-8090<br>rwilson@finkelsteinthompson.com<br>ebenick@finkelsteinthompson.com<br><br>Elizabeth K. Tripodi (VSB # 73483)<br>LEVI & KORSINSKY LLP<br>1101 30th Street, NW, Suite 115<br>Washington, DC  20007<br>Telephone:  (202) 524-4292<br>Facsimile:  (202) 333-2121<br>etripodi@zlk.com<br><br>*Members of the Plaintiffs' Executive Committee* | Edward P. Welch (admitted *pro hac vice*)<br>Cliff C. Gardner (admitted *pro hac vice*)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware  19899-0636<br>Telephone:  (302) 651-3000<br>Facsimile:  (302) 651-3001<br>Edward.Welch@skadden.com<br>Cliff.Gardner@skadden.com<br><br>Maura Barry Grinalds (admitted *pro hac vice*)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>4 Times Square<br>New York, New York  10036<br>Telephone:  (212) 735-3000<br>Facsimile:  (212) 735-2000<br>MauraBarry.Grinalds@skadden.com<br><br>*Attorneys for Defendants DigitalGlobe, Inc., 20/20 Acquisition Sub, Inc. and WorldView, LLC* |