

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
IN RE: GEOEYE, INC.,                                      :  CONSOLIDATED
SHAREHOLDER LITIGATION                                    :  Case No. 1:12-cv-00826-CMH-TCB
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court (the "Court") on _Sept. 6_, 2013, pursuant to this Court's Order dated _June 5_, 2013 (the "Scheduling Order"), upon a Stipulation of Settlement dated April 24, 2013 (the "Stipulation") filed in the above-captioned action (the "Action"), which (along with the Scheduling Order) is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforesaid Scheduling Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement (the "Settlement") set forth in the Stipulation; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the Class (as defined in the Stipulation) was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED, THIS 6th DAY OF SEPTEMBER , 2013, AS FOLLOWS:**

1.      Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2.    The Notice of Pendency of Consolidated Class Action, Proposed Settlement of Consolidated Class Action, Settlement Hearing and Right to Appear (the "Notice") has been given to the Class (as defined below) pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court and full opportunity to be heard has been offered to all parties to the Action, the Class and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process and applicable law, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

3.    Based on the record in the Action, the Court confirms that each of the pertinent provisions of Federal Rule of Civil Procedure 23 has been satisfied, and that the Action should be properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(2). Specifically, the Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are common questions of law and fact, including whether the disclosures made by GeoEye in connection with the Merger were adequate, whether the individual defendants breached their fiduciary duties to Class members, and whether Plaintiffs and any members of the Class were injured as a consequence of the Defendants' actions; (c) the claims of Plaintiffs are typical of the claims of the Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories; and (d) Plaintiffs and their counsel have fairly and adequately protected and represented the interests of the Class. Moreover, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for the Defendants, and, as a practical matter, the disposition of this Action will

2

influence the disposition of any pending or future identical cases brought by other members of the Class, satisfying Rule 23(b)(1); and there were allegations that the Defendants acted or refused to act on grounds generally applicable to the Class, satisfying Rule 23(b)(2).

4.      The Action is finally certified as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2) on behalf of a class consisting of any and all record holders and beneficial owners of GeoEye common stock, along with their respective successors-in-interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held shares of GeoEye common stock at any time between and including July 22, 2012 and January 31, 2013, excluding Defendants and their immediate family members, any entity controlled by any of the Defendants, and any successors-in-interest thereto (the "Class").  Robbins Geller Rudman & Dowd LLP, Levi & Korsinsky LLP, and Finkelstein Thompson LLP are finally certified as Class Counsel.

5.      The Stipulation and the terms of the Settlement as described in the Stipulation and the Notice are found to be fair, reasonable, adequate, and in the best interests of the Class, and are hereby approved pursuant to Federal Rule of Civil Procedure 23(e).  The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the terms and provisions set forth in the Stipulation, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Action.

6.      This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefor.

7.     The Action is hereby dismissed with prejudice on the merits and, except as provided herein, without costs.

8.     The Plaintiffs and each and every member of the Class (collectively, the "Releasing Persons") shall be deemed to have, and by operation of the Order and Final Judgment approving this Settlement, shall have, completely, fully, finally, and forever, compromised, settled, released, discharged, extinguished, relinquished, and dismissed with prejudice any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been or could have been, asserted in any court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, foreign, statutory or common law, including the federal securities laws and any state disclosure law, including Sections 20(a) and 14(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder), whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity, against the Defendants, or any of their respective families, parent entities, controlling persons, associates, affiliates, or subsidiaries and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors or agents, insurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, or assigns (the "Released Persons"), whether or not each of the Released Persons was named, served with process, or

4

appeared in the Action, which the Releasing Persons ever had, now have, or may have had by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Action, the complaints, the Merger Agreement, the Merger or other transactions contemplated therein, or disclosures made in connection therewith (including any alleged misstatements or omissions or the adequacy and completeness of such disclosures) (the "Settled Claims"); provided, however, that the Settled Claims shall not include any properly perfected claims for appraisal pursuant to Delaware General Corporation Law Section 262, or claims to enforce the Settlement or the right of the parties to enforce the terms of the Settlement.

9.      Defendants and Released Persons shall be deemed to have, and by operation of this Order and Final Judgment approving the Settlement shall have, completely, fully, finally, and forever released Plaintiffs and their counsel from all claims arising out of the instituting, prosecution, settlement, or resolution of the Action; provided however, that the Defendants and Released Persons shall retain the right to enforce in the Court the terms of the Stipulation, and to oppose or defend any appraisal proceeding brought by any Class member.

10.     The releases contemplated by the Stipulation shall extend to claims that the Releasing Persons do not know or suspect to exist at the time of the release, including without limitation those which, if known, might have affected their decision to enter into Settlement. The Settlement hereby extinguishes all Settled Claims, and the Releasing Persons shall be deemed to waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal, or foreign law or principle or common law, which may have the effect of limiting the releases set forth in paragraphs 8-9 above. The Releasing Persons shall be

5

deemed to relinquish, to the extent applicable, and to the full extent permitted by law, the

provisions, rights and benefits of Section 1542 of the California Civil Code, which states that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

The Releasing Persons shall be deemed to waive any and all provisions, rights and

benefits conferred by any law of any state or territory of the United States, or principle of

common law, which is similar, comparable or equivalent to California Civil Code Section 1542.

The Releasing Persons acknowledge that they may discover facts in addition to or different from

those that they now know or believe to be true with respect to the subject matter of this

Settlement, but that it is their intention to completely, fully, finally, and forever compromise,

settle, release, discharge, extinguish and dismiss any and all claims released hereby, whether

known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued,

apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, and

without regard to the subsequent discovery of additional or different facts.

11.    Plaintiffs' counsel is hereby awarded attorneys' fees and expenses in the amount

of $475,000 which amount the Court finds to be fair and reasonable and which shall be paid

to Plaintiffs' counsel in accordance with the terms of the Stipulation.

12.    Plaintiffs and the members of the Class, and any of their respective

representatives, trustees, successors, heirs and assigns, are hereby individually and severally

permanently barred and enjoined from instituting, commencing, prosecuting, participating in or

continuing any action or other proceeding in any court or tribunal of this or any other

jurisdiction, either directly, representatively, derivatively or in any other capacity, against any of

the Released Persons, based upon, arising out of, or in any way related to or for the purpose of enforcing any Settled Claim, all of which Settled Claims are hereby declared to be compromised, settled, released, dismissed with prejudice and extinguished by virtue of the proceedings in this Action and this Order and Final Judgment.

13.    The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' counsel's application for an award of attorneys' fees and expenses.

14.    Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

Sept. 6, 2013

_____/s/_____
Claude M. Hilton
United States District Judge